UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT A. SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CENTURION MEDICAL, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-01030-RFB-BNW<br><br>**ORDER** |

**I.　DISCUSSION**

　　　　Plaintiff has filed a motion that appears to request that the Court issue an order determining that Plaintiff has exhausted his administrative remedies and appoint counsel for Plaintiff. (ECF No. 12). This case is currently at the pre-screening stage. On March 30, 2024, the Court issued an order screening Plaintiff's civil rights complaint under 28 U.S.C. § 1915A. (ECF No. 13). The screening order dismissed the complaint without prejudice and gave Plaintiff leave to file an amended complaint within 60 days. (*Id.*). At this preliminary screening stage, the Court will not address whether Plaintiff has exhausted his administrative grievances, and Plaintiff's request for such an order is denied without prejudice.

　　　　As for Plaintiff's request for appoint of counsel, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court dismissed all of Plaintiff's claims without prejudice and with leave to amend. Thus, there are no claims currently before the Court, and the Court cannot determine either the likelihood of success or the complexity of the legal issues presented. Therefore, the Court does not find exceptional circumstances that warrant the appointment of counsel at this time and denies the request for appointment of counsel without prejudice.

Plaintiff has also filed two motions for extension of time to file an amended complaint.[1] (ECF Nos. 14, 15). In his first motion, Plaintiff states that he has reached out to the medical department for the name of individuals responsible for failing to provide him medical care, but he needs more time to receive a response. (ECF No. 14 at 1). Plaintiff also states that he needs to exhaust administrative grievances and references being classified as "a possible aggressor." (*Id.* at 2-4). Plaintiff also attached a grievance that he filed about this issue. (*Id.* at 7). In his second motion, Plaintiff states that due to his lack of education he needs help from law clerks or inmate assistants in preparing an amended complaint. (ECF No. 15 at 2). However, due to lockdowns at the prison he has had difficulty obtaining help with his complaint. (*Id.*). Plaintiff initially requested an extension until August 30, 2024, and his second motion requests an additional 30-45 days beyond August 30, 2024. (ECF Nos. 14, 15).

The Court grants Plaintiff's motions for an extension. Plaintiff shall file any amended complaint on or before **September 30, 2024**. The Court notes that this will be nine months from the Court's order directing Plaintiff to file an amended complaint. Absent unusual circumstances, the Court does not anticipate granting any further extensions. Furthermore, the Court notes that an amended complaint is not the place to add new claims that have arisen since the case started. Although it is not entirely clear, it appears

---

[1] The Court notes that Plaintiff's handwriting in many of his filings, including ECF No. 14 is extremely difficult to read and understand. Plaintiff's handwriting makes it difficult to make out all the letters, and he spaces letters and words all evenly, making it hard to decipher where one word ends, and another word starts. The Court will do its best to understand Plaintiff's motion, but the Court can only respond to what it can understand. In future filings, Plaintiff must do his best to ensure that his filings are legible.

from ECF No. 14 that Plaintiff may be trying to bring new, and improperly joined claims in an amended complaint.

A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court cautions Plaintiff that any claims brought in his amended complaint must be properly joined under either Rule 18(a) or Rule 20(a)(2). If Plaintiff wishes to bring claims that are not properly joined in a single case, he must bring them in separate lawsuits.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an order regarding exhaustion and for appointment of counsel (ECF No. 12) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for an extension to file an amended complaint (ECF Nos. 14, 15) are **GRANTED**. Plaintiff will file any amended complaint on or before **September 30, 2024**.

DATED THIS __7__ day of August 2024.

_____
UNITED STATES MAGISTRATE JUDGE