UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert A. Smith, | Case No. 2:23-cv-01030-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion Medical, et al., | |
| Defendants. | |

The Court screened Plaintiff's first amended complaint, deferred the matter of the filing fee, and allowed Plaintiff to proceed with certain Eighth Amendment claims for deliberate indifference to serious medical needs and First Amendment claims for retaliation. (ECF No. 19.) The Court also referred this case to the Inmate Early Mediation program, and a mediation conference is scheduled to take place at **1:00 p.m. on August 8, 2025, via video conference**. (ECF No. 22.) Pending before the Court is Plaintiff's motion for appointment of counsel (ECF No. 20) and "emergency motion notice to Court." (ECF No. 23.)

In the motion for appointment of counsel, Plaintiff asks the Court to appoint him counsel because he has cataracts, and his eyesight has deteriorated to the point that he cannot read. (ECF No. 20 at 3.) In the "emergency motion," Plaintiff again asks the Court to appoint counsel based on his poor eyesight. (ECF No. 23 at 3–4.) Plaintiff also asks that the mediation take place by video conference, be conducted verbally, and be recorded. (*Id.*)

A litigant does not have a constitutional right to appointed counsel in a civil case. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court does not find that appointment of counsel is warranted at this time. Based on Plaintiff's most recent filing (ECF No. 22), which he prepared himself, it appears that Plaintiff can articulate his case to the extent necessary to make a good faith effort to participate in the mediation conference. The mediation will be held by video conference, and during the mediation, the mediator will meet separately with each party to verbally discuss the case and settlement offers. As a result, counsel is not necessary for Plaintiff to participate in the mediation and determine if he can reach a settlement.

The Court therefore denies Plaintiff's motion for appointment of counsel and emergency motion without prejudice. If the parties do not settle by the conclusion of the mediation conference, then Plaintiff may file a renewed motion for appointment of counsel, and the Court will consider it in due course. If Plaintiff files renewed motion for appointment of counsel, he should clearly explain how the current status of his vision impacts his ability to prosecute this action himself.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 20) and emergency motion (ECF No. 23) are DENIED without prejudice.

IT IS FURTHER ORDERED that the mediation remains set for **1:00 p.m. on August 8, 2025, via video conference**.

IT IS FURTHER ORDERED that the Clerk of Court is kindly requested to send Plaintiff a courtesy copy of the order setting the mediation conference, which includes information to assist Plaintiff in preparing for mediation. (ECF No. 22.)

DATED: July 15, 2025.

_____
Brenda Weksler
United States Magistrate Judge