**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Robert A. Smith,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Centurion Medical, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-01030-RFB-BNW<br><br>**ORDER** |

Before this Court is Plaintiff's motion for appointment of counsel. ECF No. 30. The defendants that are still involved in this lawsuit have not yet been served. As a result, the motion is not opposed.

**I.　DISCUSSION**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth*, 654 F.2d at 1353. In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is

within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff has some likelihood of success on the merits, as his Eighth Amendment claims for deliberate indifference to his serious medical needs and First Amendment Retaliation claim survived screening. (*See* ECF No. 19.)

Plaintiff's claims may not be particularly legally or factually complex relative to other legal claims. However, Plaintiff explains that his vision has deteriorated significantly, impairing his ability to represent himself. In its discretion, this Court finds that Plaintiff's limitations present exceptional circumstances that justify appointing counsel in this case.

This Court will refer this case to the court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* If counsel is found for Plaintiff, the Court will issue an order appointing counsel and counsel will contact Plaintiff. Plaintiff is reminded that until counsel is provided, he is still responsible for complying with all deadlines in his case.

## II. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in the Third Amended General Order 2019-07 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the court and Plaintiff will be contacted by counsel.

/ /

/ /

**IT IS FURTHER ORDERED** that the Clerk of Court forward this order to the Pro Bono Liaison.

DATED: September 17, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE